FOURTH DISTRICT—APRIL, 1918. 639

Moore et al. v. Union Trust & Savings Bank, 210 Ill. App. 639.

F. W. Moore and J. W. Bushnell, Plaintiffs in Error, v. Union Trust and Savings Bank, Trustee, et al., Defendants in Error.

## (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

## Statement of the Case.

Bill for accounting by F. W. Moore and J. W. Bushnell, complainants, against Union Trust and Savings Bank, trustee, and August Schlafly, defendants. The latter filed a cross-bill praying reformation of the contract upon which the suit was based. From a decree in conformity with the prayer of the cross-bill, complainants bring error.

J. C. IVENS and D. J. SULLIVAN, for plaintiffs in error.

KEEFE, HADLEY & BAXTER, for defendants in error; W. C. CONNETT, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

REFORMATION OF INSTRUMENTS, § 11*—*when mistake shown justifying reformation of contract for purchase of realty.* Evidence *held* sufficient to sustain the chancellor's findings that a verbal agreement that one of the parties to a contract for the purchase of realty should be reimbursed to the extent of the cash advanced by him to consummate the deal, and for his expenses, before the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

profits realized from the sale of the property so purchased should be divided among the parties, was by mistake omitted from the written contract as drafted and to justify reformation.

---

## Albert Drda, Appellee, v. Illinois Terminal Railroad Company, Appellant.

1. RAILROADS, § 350*—*when damage to crops by flood shown.* In an action by one as owner of certain land and as tenant of other land to recover damages for the overflowing of land occupied by him, alleged to be due to the construction of a railroad embankment across a river valley without leaving sufficient outlets, evidence *held* to sufficiently show that plaintiff's crops were damaged by water flooding his lands.

2. RAILROADS, § 349*—*what is question for jury in action to recover for damage to crops because of flooding of land.* In an action by one as owner of certain land and as tenant of other land to recover damages for injury to his crops by overflow alleged to be due to the construction of a railroad embankment by defendant across a river valley without leaving sufficient outlets, it was a question of fact for the jury whether such overflow was due wholly to such an extraordinary flood as ordinary prudence could not have anticipated, or wholly to defendant's defective construction of its bridges and embankments, or both causes.

3. RAILROADS, § 330*—*what is duty of railroad company as to outlets for floods through railroad embankment.* It is the duty of a railroad company, in constructing an embankment and bridges for its right of way over a river valley, to provide ample outlets for the waters of such floods or freshets as men of ordinary prudence could have foreseen, but not against the waters of such extraordinary floods as could not have been reasonably anticipated.

4. RAILROADS, § 349*—*what· are questions for jury in action against railroad for injury to crops because of flooding of land.* The questions as to what was an extraordinary flood in a particular river valley and whether the rain which caused injury to the crops of a person near a railroad embankment across the valley was an extraordinary flood, were questions for the jury, in an action against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.